# EXHIBIT B

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

**2735 EMPLOYEE RESPONSIBILITIES AND CONDUCT TR 17-02, 12/23/16**

**Contents**

2735.10 References

2735.11 General Provisions

2735.12 Responsibilities

2735.13 Conflicting Financial Interests

2735.14 Impartiality in Performing Official Duties

2735.15 Gifts from Outside or Non-Federal Sources

2735.16 Gifts Between Employees

2735.17 Outside Employment or Activities TR 17-12, 9/13/17

2735.18 Misuse of Official Position

2735.19 Use of Official Government Vehicles

2735.20 Conduct Prejudicial to the Government

2735.21 Reporting Requirements to and Cooperation with the Office of Professional Responsibility

2735.22 Penalty Guidelines

Exhibit 1/2735 Standards of Conduct Annual Employee Certification

Exhibit 2/2735.15 Outside Employment

Exhibit 3/2735.15 Addendum for Outside Employment

**\*2735.10 References**

A. Statutory Authorities.

   1. 18 U.S.C. §§ 202-209:  Prohibition against bribery, graft, and conflicts of interest.

   2. 31 U.S.C. § 1349(b):  Authorizing a penalty of suspension of at least 30 days up to and including removal for willful misuse of an OGV.

   3. 5 U.S.C. §§ 7321-7326:  Restrictions on political activities for federal employees (The Hatch Act).

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

GOVERNMENT
EXHIBIT
113A
22 Cr. 281 (JPO)

**2735.11 General Provisions**

A. Purpose of DEA's Standards of Conduct

 1. To provide guidance and a framework in which DEA personnel may embody and uphold DEA's Core Values:

  a. Dedication to upholding the Constitution of the United States and the Rule of Law.

b. Respect and compassion for those we protect and serve.

c. Faithful and effective service to our country and its citizens.

d. Devotion to our core mission of enforcing the nation's drug laws and enhancing public health, safety, and national security.

e. Uncompromising personal, professional, and institutional integrity.

f. Accountability to ourselves, our agency, and those we serve.

g. Leadership and courage in our profession, communities, and lives.

h. Commitment to diversity and excellence.

 2. To inform personnel of standards of conduct expected of them as DEA employees and of the potential penalties imposed for breaches of such standards.

 3. To set forth standards of behavior which will protect and grow the reputation of the DEA with the American public.

 4. To ensure DEA's law enforcement mission is not impeded, restricted, or otherwise adversely influenced by employee misconduct.

B. Scope of DEA's Standards of Conduct

g. Effective Date. This policy becomes effective as of the date of its publication.  The prior provisions of Section 2735 of the DEA Personnel Manual, dated July 21, 2015, will remain in effect until that time, and for any administrative action initiated for violations of the Standards of Conduct that occurred prior to the effective date of this policy.

h. Except where specifically excluded, the Standards of Conduct apply to all employees, including Task Force Officers (TFOs) and special government employees, as defined in 18 U.S.C. § 202(a).  Pursuant to the Guideline for Establishing State and Local Task Forces, Task Force officers shall adhere to DEA policies and procedures.  Failure to adhere to DEA policies and procedures shall be grounds for dismissal from the Task Force.

NOTE:  Although contract employees are expected to embody the same ethical standards of conduct as government employees, specific requirements for contract employees are outlined in the On-site Contractor Responsibilities document, and/or incorporated into the applicable security clause within the contract, available at https://www.dea.gov/resource-center/policydocs/On-Site%20Contractor%20Responsibilities.pdf, and are also further detailed in the Contracting Officer's Representative (COR) Handbook, Section 8.4.1 – Contractor Employees.

C. DEA's Disciplinary System

 2. Disciplinary action is intended to promote the efficiency of the Federal service by, among other things, correcting unacceptable behavior and actions by a DEA employee; serving as a deterrent, both to the disciplined employee and to other employees; and upholding public trust in the DEA and its employees. DEA's disciplinary process is designed to obtain adherence to DEA's Standards of Conduct and other DEA policies and procedures.  It, therefore, imposes progressively severe penalties to rehabilitate

disciplined employees, including removal from the Federal service for those employees
whose cannot be effectively rehabilitated to conduct that discredits a single
act warrants removal.

Case 1:24-cr-00542-DLC   Document 102   Filed 08/08/25   Page 4 of 28

3. The absence of a standard or regulation covering a specific act does not mean that such an act is condoned, permissible, or would not result in disciplinary/adverse action. Federal regulations and DEA policies broadly prohibit acts which tend to discredit DEA or its employees. 5 C.F.R.§ 735.203; Executive Order 12674.

5. Violation of any provision of DEA's Standards of Conduct may subject the employee involved to appropriate disciplinary/adverse action, including removal. An employee's misconduct may also violate state or federal law. Discipline pursuant to one set of rules does not preclude prosecution or discipline under another.

6. The commission of four (4) acts of misconduct within a two (2) year period may be grounds for the removal of the employee, regardless of the nature of the offenses committed.

## 2735.12 Responsibilities

A. Chief Counsel - In accordance with U.S. Department of Justice (DOJ) Human Resources Order 1200.1, Chapter 11-1(B)(3) and 5 C.F.R. §§ 2638.202 and 2638.203, the Chief Counsel (CC) has been delegated the responsibility and authority to manage DEA's Ethics Program, to include advising on employee conduct that implicates the conflict of interest laws, and ethics laws and regulations. All ethics, outside employment/activities and Hatch Act questions should be sent to the Office of Chief Counsel, Ethics and Standards of Conduct Unit (CCE) at cc-ethics@doj.gov.

B. Supervisors. It is the responsibility of DEA's supervisors, in addition to their duties and responsibilities as employees of this agency, to:

1. Set and maintain high standards of personal conduct as an example to employees. Supervisory personnel will be held to a higher standard of conduct given their status as managers. Failure to act in response to a situation that the supervisor was or should have been aware of may subject the supervisor to disciplinary action or other appropriate measures.

2. Ensure that the work-areas and personnel assigned under the supervisor's authority are free of sexual harassment and discrimination or other acts of employee misconduct and that personnel assigned under the supervisor's authority conduct themselves without regard to the personal characteristics or identifying traits of others (e.g., race, color, religion, sex, sexual orientation, gender identification, national origin, age, or handicap). Further, supervisors will ensure that all personnel assigned under their authority are informed of DEA's policy prohibiting sexual harassment and discrimination and receive training on a continuing basis with respect to their rights and responsibilities.

3. Review and take appropriate action on complaints of sexual harassment and other discrimination. Every supervisor shall advise each employee who comes to the supervisor with a report or complaint of sexual harassment of the avenues of redress provided by paragraphs 2713.3 and 2713.4 of the Personnel Manual.

4. Ensure that all employees under their authority are informed of DEA's Standards of Conduct.

5. Report all suspected employee violations of DEA's Standards of Conduct to the Office of Professional Responsibility (OPR). Upon notification of allegations of misconduct, OPR will provide guidance to field and/or headquarters (HQ) managers for further action. A preliminary investigation should not be conducted prior to reporting an allegation of misconduct to OPR, as set forth in the Planning and Inspection Manual Section 8307.

6. Observe and monitor the conduct, performance, and/or actions of personnel under their authority to identify substance abuse problems, and make appropriate referrals to the appropriate agency, or other supervisory officials, as necessary.

C. All DEA Employees.  DEA personnel, as members of the law enforcement community, occupy positions of trust.  It is the responsibility of all DEA employees to:

1. Refrain from engaging in any criminal, infamous, dishonest, or notoriously disgraceful conduct or other conduct prejudicial to DEA, to DOJ, or to the United States Government.  This includes any conduct that indicates that an employee failed to exercise good judgment either on or off duty.  DEA personnel shall always conduct themselves in a professional manner and observe the DEA Standards of Conduct, as well as applicable orders, policies, regulations, and laws of DEA, DOJ, and the federal government.

2. Refrain from conduct or omissions in their off-duty hours which will impact, influence, impede, or adversely affect their DEA responsibilities.

3. All DEA employees shall avoid any actions that create the appearance that they are violating the law or the ethical standards set forth in the DEA Standards of Conduct, or in any applicable orders, policies, regulations, and laws of DEA, DOJ, and the federal government.

4. Certify that they have read and understand the DEA Standards of Conduct, as embodied in Section 2735 of the Personnel Manual by signing  the Standards of Conduct Annual Employee Certification, Form DEA-343 (See Exhibit 1/2735.12).

a. New employees are required to read these Standards of Conduct, which are provided to them during orientation, and certify that they have read and understand them.

b. On an annual basis, all DEA employees are required to re-certify that they have read and understand these Standards of Conduct.

5. Consult, as appropriate, with his/her immediate or second-line supervisor, the Office of Chief Counsel, or OPR when in doubt about any provision of DEA's Standards of Conduct.

6. Report, as appropriate (to OPR, supervisory chain), alleged violations of DEA's Standards of Conduct, as well as alleged violations of applicable orders, policies, regulations, and laws of DEA, DOJ and the federal government, by other DEA employees, including DEA supervisors, without fear of retaliation.

7. Understand that the DEA Standards of Conduct are the prescribed minimum acceptable behavioral guidelines for DEA personnel. These standards are not to be considered all-inclusive and may be supplemented by DEA as necessary. These standards may be amended, modified, interpreted, or supplemented through the issuance of policy directions, instructions, orders, or other similar guidance as may be issued from time to time by the appropriate management personnel. Such guidance, when issued, shall continue in effect until rescinded or until it expires on its own terms.

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

personnel. Such guidance, when issued, shall continue in effect until rescinded or until it expires on its own terms.

**2735.13 Conflicting Financial Interests**

A. Disqualifying Financial Interests.

    1. Under 18 U.S.C. § 208 and 5 C.F.R. § 2635.402, an employee is prohibited from participating personally and substantially in an official capacity in any particular matter in which, to his/her knowledge, he/she or any person whose interests are imputed to him/her, has a financial interest, if the particular matter will have a direct and predictable effect on that interest.  In other words, an employee cannot participate in most official matters that may affect that employee's personal financial interests or those financial interests imputed to the employee.

    2. Definitions.  For the purposes of this section, the following definitions apply:

        a. Imputed Interests.  The following imputed financial interests would be treated the same as the employee's own financial interests:  the employee's spouse; the employee's minor child; the employee's general partner; an organization or entity in which the employee serves as officer, director, trustee, general partner or employee; and a person with whom the employee is negotiating for or has an arrangement concerning prospective employment.  See 5 C.F.R. § 2635.402(b)(2).

        Example:  The spouse of Diversion Investigator (DI) Doe is employed by Pharmaceutical Company XYZ.  In addition to receiving a salary, DI Doe's spouse participates in a profit-sharing bonus plan with the company.  DI Doe cannot participate in any particular matters that Pharmaceutical Company XYZ has before DEA.

        b. Personal and Substantial.  To participate personally means to participate directly.  It includes the direct and active supervision of a subordinate in the matter.  To participate substantially means that the employee's involvement is of significance to the matter. Personal and substantial participation includes an employee participating through decision, approval, disapproval, recommendation, investigation or the rendering of advice in a particular matter.  See 5 C.F.R. § 2635.402(b)(4).

        Example:  Intelligence Research Specialist (IRS) Doe provides analytical support to a Special Agent investigating an organization suspected of drug trafficking.  IRS Doe is participating personally and substantially in this investigation.

        c. Particular Matter.  The term particular matter encompasses only matters that involve deliberation, decision, or action that is focused upon the interests of specific persons, or a discrete and identifiable class of persons, including, but not limited to, a judicial or other proceeding, investigation, application, request for a

DEA SENSITIVE - DO NOT DISCLOSE

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

ruling or other determination, contract, claim, controversy, charge, accusation, or arrest. See 5 C.F.R. § 2635.402(b)(3).

Example #1:    Special Agent (SA) Smith is investigating a bank for money laundering. SA Smith's spouse works at the bank. The investigation is a particular matter. SA Smith should not work on the investigation without first consulting with the Office of Chief Counsel, Ethics and Standards of Conduct Unit.

Example #2:  Diversion Investigator (DI) Jones has been asked to assist in drafting regulations that will affect the pharmaceutical industry. XYZ Pharma will be affected by these regulations. DI Jones owns stock in XYZ Pharma. Because a regulation is a particular matter, DI Jones should not participate in this matter without first consulting with the Office of Chief Counsel, Ethics and Standards of Conduct Unit.

d. Direct and Predictable Effect. A particular matter will have a direct effect on a financial interest if there is a close causal link between any decision or action to be taken in the matter and any expected effect of the matter on the financial interest, whether or not it occurs immediately. A particular matter will have a predictable effect if there is a real, as opposed to a speculative possibility that the matter will affect the financial interest. The dollar amount of the gain or loss is immaterial. See 5 C.F.R. § 2635.402(b)(1).

 Example:  A Diversion Investigator, who has been assigned to investigate a pharmaceutical company for diverting controlled substances, owns stock in this company. Because the investigation will affect the financial interest of the company, the DI should not participate in the investigation without first consulting with the Office of Chief Counsel, Ethics and Standards of Conduct Unit.

3. Disqualification. An employee shall disqualify him/herself from participating in a particular matter in which, to his/her knowledge, he/she or a person whose interests are imputed to him/her has a financial interest, if the particular matter will have a direct and predictable effect on that interest. Disqualification is accomplished by not participating in the particular matter.

Example #1:  An individual purchases a cell phone with service from XYZ company. He then starts conducting drug trafficking business with the phone. Phil's Group identifies the dirty phone and decides to request a T-III on this line. DEA serves XYZ company with the Court's Order for XYZ to perform  the interception. For this service, XYZ company bills DEA for reasonable expenses. Phil, who owns stock in XYZ, should not sign a DEA 19 for line costs for the T-III without first consulting with the Office of Chief Counsel, Ethics and Standards of Conduct Unit because he may have to disqualify himself from this official matter.

Example #2:  Mary, a Group Supervisor, signs a DEA-19 authorizing the purchase of four Blackberry devices for $4,000 from XYZ Phone Company. DEA Headquarters originally awarded the contract to XYZ. Mary owns stock in XYZ Phone Company. Prior to signing the DEA-19, Mary should  consult with the

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

Office of Chief Counsel, Ethics and Standards of Conduct Unit because she may need to disqualify herself from this matter.

**B. Negotiating for Employment Post-DEA.**

A DEA employee is prohibited from participating personally and substantially in any official matters that have a direct and predictable effect on the financial interests of a prospective employer with whom he/she is seeking employment.  This law not only applies to the decision-maker but also other employees who are personally and substantially involved in the matter such as through making a recommendation or providing advice in the matter.  Personal participation includes the direct and active supervision of the participation of a subordinate in the matter.

Example:  DEA recently awarded a linguist services contract to Language Services.  Group Supervisor (GS) Bill did not participate in any official matters regarding the award of the contract; however, he reviews vouchers and signs DEA Form 19s authorizing payment for services under this contract.  GS Bill could not send a resume or engage in employment discussions with Language Services until he recused himself from any official matters involving this contract.

Because this is a very complicated area of the law, a DEA employee should not send a resume to, or discuss employment with, a prospective employer without first consulting with the Office of Chief Counsel, Ethics and Standards of Conduct Unit if:

    1. DEA has official dealings (e.g., contract, investigation) with the prospective employer;

    2. The official dealings may affect the financial interests of the prospective employer; and

    3. The DEA employee is currently working on, or supervising those official dealings involving that prospective employer.

    4. A DEA employee should also contact the Office of Chief Counsel, Ethics and Standards of Conduct Unit if he/she is overseeing the assignments of, or assigns work to, contract employees of the prospective employer.



**2735.14 Impartiality in Performing Official Duties**

A. Appearance of Conflict.

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

DEA employees must avoid participating in official matters that will raise an appearance of a conflict under 5 C.F.R. § 2635.502, even when there is no actual violation of the criminal conflict of interest statute described in paragraph 2735.13. Under §2635.502, where an employee knows that a particular matter involving specific parties is likely to have a direct and predictable effect on the financial interest of a member of his/her household, or an employee knows that a person with whom he/she has a covered relationship is, or represents a party, to a particular matter, the DEA employee should ask the following question: Under the circumstances, would a reasonable person with knowledge of the relevant facts question the employee's impartiality if he/she participated in the matter? If the answer to the question is yes, then the employee should not participate in the matter unless he/she has informed the appropriate agency designee (Administrator or Chief Counsel) of the appearance problem and received authorization from the agency designee to participate in the matter under 5 C.F.R. §§ 2635.502(c) and (d).

1. In considering whether a relationship would cause a reasonable person to question his/her impartiality, a DEA employee may seek the assistance of his/her supervisor or the Office of Chief Counsel, Ethics and Standards of Conduct Unit.

2. A covered relationship includes:

a. A person, other than a prospective employer (see 5 C.F.R. § 2635 (Subpart F)), with whom the employee has or seeks a business, contractual or other financial relationship that involves other than a routine consumer transaction;

b. A person who is a member of the employee's household, or who is a relative with whom the employee has a close personal relationship;

c. A person for whom the employee's spouse, parent or dependent child is, to the employee's knowledge, serving or seeking to serve as an officer, director, trustee, general partner, agent, attorney, consultant, contractor, or employee;

d. Any person for whom the employee has, within the last year, served as officer, director, trustee, general partner, agent, attorney, consultant, contractor, or employee; or
e. An organization, other than a political party, in which the employee is an active participant.  Payment of dues or solicitation of financial support does not, in itself, constitute active participation.

See 5 C.F.R. § 2635.502(b).

Example:  Jack has been selected to participate in a technical evaluation panel.  The panel will be reviewing bids for IT services.  One of the companies submitting a bid is XYZ.  Prior to starting at DEA six months earlier, Jack was a consultant for XYZ.  Jack should not participate in the panel until he has had an opportunity to consult with the Office of Chief Counsel, Ethics and Standards of Conduct Unit.

B. Disqualification Arising from Personal or Political Relationship

1. Under 28 C.F.R. § 45.2, employees are prohibited from participating in a criminal investigation or prosecution if they have a personal or political relationship with:

**DEA SENSITIVE**

SDNY_0107707

SDNY_0094461

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

a. Any person or organization substantially involved in the conduct that is the subject of the investigation or prosecution; or

b. Any person or organization which they know has a specific and substantial interest that would be directly affected by the outcome of the investigation or prosecution.

2. An employee assigned to or otherwise participating in a criminal investigation or prosecution who believes that his/her participation may be prohibited by Paragraph 1, above, shall report the matter and all attendant facts and circumstances to his/her supervisor. The supervisor will comply with the requirements of 28 C.F.R. § 45.2(b) to determine whether the employee should continue participating in a criminal investigation or prosecution.

3. For the purposes of this section:

a. Political relationship means a close identification with an elected official, a candidate (whether or not successful) for elective, public office, a political party, or a campaign organization, arising from service as a principal advisor thereto or a principal official thereof.

b. Personal relationship means a close and substantial connection of the type normally viewed as likely to induce partiality. An employee is presumed to have a personal relationship with his or her father, mother, brother, sister, child, and spouse. Whether relationships (including friendships) of an employee to other persons or organizations are "personal" must be judged on an individual basis with due regard given to the subjective opinion of the employee.

C. Use of Nonpublic Information.

An employee shall not engage in a financial transaction using nonpublic information, nor allow the improper use of nonpublic information to further his/her own private interest or that of another, whether through advice or recommendation, or by knowing unauthorized disclosure. Non-public information includes DEA sensitive information (e.g., information that may compromise an ongoing investigation or prosecution, provide an unfair advantage to a company competing for a DOJ/DEA contract, or reveal the identities of confidential sources (CSs) or DEA Special Agents (SAs) or Task Force Officers(TFOs)) as well as the items identified in 5 C.F.R. § 2635.703.

**2735.15 Gifts from Outside or Non-Federal Sources**

A. An employee shall not accept a gift from a prohibited source. A DEA employee also shall not accept a gift given because of his/her official position.

1. For the purposes of this section, the following definitions apply:

a. Gift includes any gratuity, favor, discount, entertainment, hospitality, loan, forbearance, or other item having monetary value, including but not limited to gifts of training, transportation, local travel, lodging, and meals.

**DEA SENSITIVE**

SDNY_0107708

SDNY_0094462

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

Modest items of food and refreshments, such as soft drinks, coffee and donuts, and food offered other than as part of a meal are not gifts. Other modest items include greeting cards and items with little intrinsic value, such as plaques, certificates, and trophies, which are intended solely for presentation, are also not gifts. (See 5 C.F.R. §§ 2635.203(b)(1)-(7) for other examples of items that are not considered gifts). Therefore, the gift prohibition in Paragraph A does not apply to such items.

b. Prohibited source means any person who:

i. Is seeking official action by the employee's agency;

ii. Does business or seeks to do business with the employee's agency;

iii. Conducts activities regulated by the employee's agency;

iv. Has interests that may be substantially affected by the performance or nonperformance of the employee's official duties; or

v. Is an organization a majority of whose members are those identified in (i) through (iv) in this definition (e.g., a trade association whose members are primarily pharmaceutical companies) is a prohibited source.

B. Exceptions to the prohibition in Paragraph A are identified and described in 5 C.F.R. § 2635.204 and include, but are not limited to, the following:

1. Employees may accept unsolicited gifts, even if offered by a prohibited source, if the market value of the gift is $20 or less per occasion and no more than $50 from one source during a calendar year. This exception does not apply to gifts of cash or of investment interests such as stock, bonds, or certificates of deposit.

2. An employee may accept a gift given under circumstances which make it clear that the gift is motivated by a family relationship or personal friendship rather than the position of the employee. Relevant factors in making such a determination include the history of the relationship and whether the friend personally pays for the gift.

C. Even if an exception identified in Paragraph B, above, or 5 C.F.R. § 2635.204 applies to an employee, an employee shall not accept a gift if:

1. It is given in return for being influenced in the performance of an official act;

2. The employee solicits or coerces the offering of a gift;

3. The employee accepts gifts from any source on a basis so frequently that a reasonable person would be led to believe the employee is using his or her public office for private gain; or

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

4. It is given in violation of applicable procurement policies regarding participation in vendor promotional training.

Example 1.  A friend who works for a prohibited source offers to buy a DEA employee a $15 lunch. At the time of the offer, the DEA employee has a $2 million dollar contract solicitation pending before her in which the prohibited source is one of the competing vendors. The employee should decline the lunch as someone may infer that the lunch is being offered in return for being influenced in the performance of an official act.

Example 2.  An Administrative Officer (AO) routinely deals with vendors who provide information about new company products. The meetings occur twice a month during lunchtime and the representatives provide sandwiches and a soda. The market value of these gifts to the AO is less than $6 per lunch and the aggregate value from any one representative is less than $50. The AO should either decline the lunches or pay for them.  A reasonable person could believe that he would be using his public office for private gain by accepting multiple gifts from vendors in a short time period.

D. Proper Disposition of Prohibited Gifts.

1. If an employee is offered a gift from a non-Federal source, to include local and state law enforcement agencies in excess of $20, he/she should consult with the Office of Chief Counsel, Ethics and Standards of Conduct Unit prior to, or as soon as practicable after, accepting the gift. If an employee is offered travel reimbursement from a non-federal source to a training conference or similar event, or from a foreign government to testify in a foreign court, the employee must consult with the Ethics and Standards of Conduct Unit prior to accepting the travel reimbursement.

2. In general, employees cannot accept a gift from a foreign government.   Under the Foreign Gifts Act (5 U.S.C. § 7342), a DEA employee may accept and retain a gift of minimal value tendered and received as a souvenir or mark of courtesy from a foreign official or government.  Minimal value is defined in 41 C.F.R. § 102-42.10. ("Minimal value" is $375 as of October 2016).  Because this amount is subject to regular adjustments, employees should consult the current version of this regulation to determine the definition of minimal value.  When it appears that to refuse a gift of more than minimal value would likely cause offense or embarrassment, or would otherwise adversely affect the foreign relations of the U.S., an employee may accept a tangible gift of more than minimal value.  Under these circumstances, the gift is deemed to have been accepted on behalf of the U.S. Gifts valued in excess of minimal value as defined by 41 C.F.R. § 102-42.10 are considered Government property and the Office of Administration, Property Management Unit (SAOP) will determine the disposition of such gifts.  Employees are required to report to their supervisor each occasion where gifts, decorations, or gratuities (including travel expenses) are received from foreign officials or governments which have an estimated value of $50 or more. This reporting requirement extends to gifts received by an employee's family members.  Supervisors will monitor the frequency of occasions when an employee has received gifts from a foreign government and should contact the Office of Chief Counsel, Ethics and

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

SDNY_0107710

SDNY_0094464

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

Standards of Conduct Unit, for guidance in instances where an employee, or the employee's family, has received multiple gifts during a calendar year from a foreign government and/or where the nature or frequency of the gifts raises concern.

**2735.16 Gifts Between Employees**



DEA SENSITIVE - DO NOT DISCLOSE

SDNY_0107711

SDNY_0094465

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.



**2735.17 Outside Employment or Activities TR 17-12, 9/13/17**

A. Teaching, Speaking and Writing.

    1. An employee of DEA cannot accept a fee or remuneration from an outside source for a public appearance, a speech, a lecture, or a publication that relates to the employee's official duties, as set forth in 5 C.F.R. § 2635.807, to include content that originated from official data or ideas which are not public information.  Employees offered compensation to speak at an event are strongly encouraged to first seek an ethics opinion from the Office of Chief Counsel, Ethics and Standards of Conduct Unit, prior to accepting said compensation to ensure the proposed speech does not violate the ethics rules or DOJ/DEA policy.

    2. An employee shall not engage in teaching, writing or lecturing (with or without compensation) that is dependent on information obtained as a result of his/her government employment except when either:  (1) that information has been made available to the general public, or (2) the Deputy Attorney General gives written authorization for the use of non-public information on the basis that the use is in the public interest.  See 5 C.F.R. § 2635.807 for additional guidance and prohibitions.

    3. The Copyright Act of 1976 provides that any article, manuscript or other writing prepared by an officer or employee of the United States government as part of that person's official duties is a "work of the United States Government." The act further provides that such "government works" cannot be granted a copyright.  17 U.S.C. § 101.

B. Employment Outside of DEA.

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

1. Outside Employment.  DEA employees are prohibited from engaging in any outside employment without the express written approval of a senior DEA Headquarters official as designated in paragraph 2735.17(B)(7) below, and in accordance with the procedures in this Section.  5 C.F.R. § 3801.106.

2. Definition of Outside Employment.  Outside employment means any form of employment, business relationship or activity, involving the provision of personal services whether or not for compensation, other than in the discharge of official duties. It includes, but is not limited to, services as a lawyer, officer, director, trustee, employee, agent, consultant, contractor, or general partner.  Speaking, writing, and serving as a fact witness are excluded from this definition, so long as they are not combined with the provision of other services that do fall within this definition, such as the practice of law.  Employees who wish to engage in compensated speaking and writing should review paragraph 2735.17(A) above and 5 C.F.R. § 2635.807.

3. Exclusions.

   a. Outside employment does not include the ownership of stocks and bonds and an employee's personal management of investments of this kind.

   b. Outside employment does not include the ownership of income producing real estate, as long as the employee does not in any manner utilize official time or facilities to manage such property. The management of real estate owned by third parties, however, is considered outside employment. This includes any employment as a "Resident Manager" of an apartment building or complex, even though the only pay received is in the form of reduced personal rent of the employee.

   c. Participation in the Military Reserve or National Guard is not considered outside employment and does not require prior DEA approval.

   d. Certain volunteer activities are not considered outside employment. Services must be truly voluntary, result in no compensation to the employee, and be provided on the employee's own time.  They cannot interfere or be inconsistent with the employee's federal job duties.

   e. Some acceptable volunteer activities are coaching and leading youth activities, donating time to nonprofit activities, helping senior citizens or disadvantaged persons, community programs, Parent Teacher Associations, fraternal, veteran or religious activities.

   f. Factors to be considered in determining whether a voluntary activity constitutes outside employment include:

**DEA SENSITIVE**

SDNY_0107713

SDNY_0094467

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

i. time required to participate;

ii. duties and responsibilities; and

iii. fiduciary responsibility or obligations associated with the activity.

g. Although writing is excluded from the definition of outside employment, an employee wishing to publish a book or otherwise disseminate a writing to the public that relates to the employee's official duties, or is on a subject within the employee's discipline or inherent area of expertise, must first forward the manuscript for prepublication review.  The point of contact for such a review is the DEA National Media Affairs Section.

h. DEA personnel who seek to engage in volunteer activities such as those listed above in subparagraphs d. and e. need not obtain the approval required in paragraph 7 below.

4. Prohibitions.

a. No employee shall engage in any outside employment which will create or appear to create a conflict of interest in the nature of those described in 18 U.S.C. § 208, 5 C.F.R. §§ 2635.402 and 2635.502, 5 C.F.R. § 3801, or 28 C.F.R. § 45.2; reflect adversely upon DOJ or DEA; or in any manner, interfere with availability or the proper and effective performance of the duties of his/her position.

b. No employee may engage or participate in outside employment which involves or requires that he/she carry, handle, or possess a firearm in association or fulfillment of that outside employment (e.g. firearm instructor, hunting guide, retail gun dealer, custom designer of weapons, security guard).

c. No employee may engage or participate in outside employment which involves or requires the execution or performance of law enforcement duties or quasi-law enforcement duties.

d. No employee may engage or participate in outside employment which involves the practice of law unless waived in accordance with  the standards set forth in 5 C.F.R. § 3801.106(b).

e. If an employee seeks to serve in a position in an outside organization in his/her official capacity (i.e., as part of his/her official duties), there are restrictions.  There are also restrictions for serving on a board of directors, or as a fiduciary, in a personal capacity, if the organization is related to DEA or its mission. Contact the Office of Chief Counsel, Ethics and Standards of Conduct Unit,  for guidance on these restrictions before accepting an offer to serve in any of these positions.

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

SDNY_0107714

SDNY_0094468

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

5. Use of Appropriated Funds.  Employees who have secured approval to engage in outside employment are not authorized to use appropriated funds or items purchased or leased through the expenditure of appropriated funds in furtherance of their outside employment. While not all inclusive, use of the following items are prohibited in the pursuit of non-DEA outside employment activities:

     a. Government office space.

     b. Government vehicles or Government-furnished transportation.

     c. Other Government employees, including courier or messenger services.

     d. Franked envelopes or franked mail stickers.

     e. Computer hardware and software, wireless mobile devices, reproduction equipment, bulletin boards, or telephone service.

     f. Any other item or service purchased with appropriated funds.

6. Specific Restrictions on Outside Employment.

     a. SES Employees.  Employees in the SES require the approval of the Administrator before they may engage in outside employment.  Any SES employee engaged in outside employment must report it on his/her annual U.S. Office of Government Ethics (OGE) Public Financial Disclosure Report (OGE-278(e)).

     b. Special Agents.  DEA Special Agents occupy positions that place a high premium on their time and attention.  Special Agents are paid availability pay and are subject to being called to duty 24 hours a day. Outside employment by Special Agents is generally prohibited. Note there may be requests for outside employment that would have a limited effect on the Agent's availability and would not otherwise conflict with his/her official duties. Such requests will be considered for possible approval.

     c. Subject to the general guidelines and restrictions on outside employment, Special Agents in an indefinite suspension status may request permission to participate in those types of outside employment which would generally not be approved under section b above if they were in a pay status.

     d. Requests from employees require a review by the immediate supervisor who, at his/her discretion and after conducting a review of the application, may favorably recommend requests for outside employment that do not conflict with the above restrictions.

**DEA SENSITIVE**

SDNY_0107715

SDNY_0094469

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

e. Generally, an outside employment request should not exceed 20 hours per calendar week. If the outside employment request exceeds 20 hours per calendar week, the supervisor should regularly assess the impact to avoid any negative consequences on the employee's official duties. Note that the 20 hour restriction does not apply in teaching or similar positions where time is generally required to prepare for teaching a class, provided official time and resources are not used for such preparation.

7. Request and Authorization for Outside Employment.

a. All DEA employees must have received the appropriate approvals prior to engaging in outside employment. To obtain prior approval, an employee must present a DEA ████ (See Exhibit 2/2735.17) to his/her immediate supervisor and obtain approval signatures up to the Special Agent in Charge (SAC), Regional Director (RD), Country Attaché (CA), Laboratory Directory (LD), or Headquarters Office Head (HOH), etc. level. The employee will have to sign the Addendum to the DEA ████ (See Exhibit 3/2735.17) in which he/she certifies that he/she will not violate the ethics rules/agency policy while conducting outside employment (e.g., using government resources, use an official government vehicle, doing business with other federal agencies). The supervisory chain (up to the SAC/HOH-level) will recommend approval or disapproval on the form and forward it to the Human Resources Division (HR), Employee Relations Unit.

b. The following senior officials are responsible for final approval/disapproval:

i. For SES requests, the Administrator.

ii. For Special Agent (1811) requests, the Deputy Administrator, or designee.

iii. For Diversion Investigator (1801) requests, the Assistant Administrator for Diversion, or designee.

iv. For Intelligence Research Specialist (132) requests, the Chief of Intelligence, or designee.

v. For Chemists (1320) requests, the Assistant Administrator for Operational Support, or designee.

vi. For requests from all other employees, other than those listed above in i.-v., the Deputy Assistant Administrator, HR, or designee.

c. Employees stationed at foreign posts of duty must obtain the written approval of the Ambassador before submitting a DEA ████ through the DEA approval

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel

officials listed in paragraph 7b, above. The Ambassador's written approval must be attached to the DEA ██████.

d. The Office of Chief Counsel shall provide a legal review for outside employment requests submitted by the following employees, or for the following outside employment positions (Note the request must be submitted to the Ethics and Standards of Conduct Unit even if the requestor obtained a legal opinion independent of this process):

    i. SES employees, employees in series 1811, 1801, 132, 1320, supervisors and attorneys; or

    ii. Teaching positions; fiduciary positions in outside organizations, to include, but not limited to, board of director positions, officers, or trustees; general partnerships; DEA registrants; or positions related to the employee's official duties (e.g., fire arms instructor, teaching self-defense classes).

e. Any employee approved for outside employment must review training materials prepared by the Office of Chief Counsel each year they are approved to participate in this activity and certify that they have reviewed this material.

f. Only after this process is complete may an employee begin his or her outside employment.

8. The senior DEA Headquarters Officials identified in paragraph 2735.17(B)(7)(b)(i-vi), above, may revoke an employee's previously approved participation in outside employment when continued participation is deemed to create or appear to create a conflict of interest, e.g., violate any of the provisions in paragraph 4 or 5, above, reflect adversely upon DEA or DOJ, in any manner interfere with availability or the proper and effective performance of the duties of the employee's position, or violate the DEA Standards of Conduct, the laws of the United States, or the regulations governing Executive Branch, and DOJ employee activities. Revocation of an employee's previously approved participation in outside employment shall be effective upon written notice to the employee. A copy of such notice shall be forwarded to HR, Employee Relations Unit, and maintained by the employee's Office Head.

9. Decisions to approve, deny or revoke outside employment are final and not subject to grievance procedures.

10. Annual Requirement.

a. Employees who maintain outside employment with the same outside employer, in the same or similar capacity as previously approved, must submit a new request on DEA ██████ annually between January 1 and January 31.

**DEA SENSITIVE**

SDNY_0107717

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

Changes in outside employment must be approved prior to beginning the new employment.

b. DEA personnel are specifically cautioned that inaccurate or untruthful submissions made in support of, concurrent with, an application for outside employment may result in disciplinary action and/or denial of the outside employment application.

C.  Raising Funds and Conducting Other Solicitations at the Workplace.

1. Employees may engage in fundraising in their personal capacity (i.e., off-duty), subject to restrictions in paragraph C.4., below.  The Combined Federal Campaign (CFC) is the only authorized solicitation of government personnel in the federal workplace on behalf of charitable organizations.  The use of official time and government resources, to include using government email systems, to encourage participation in CFC is permissible.  See paragraph C.5., below, for additional guidance regarding CFC.

2. Outside of CFC, the use of official time and government resources, to include using government email systems to solicit funds in support of a nonprofit organization, is prohibited even if the cause is related to the agency's mission.  This prohibition applies to  the DEA Survivors Benefit Fund (SBF), Association of Former Federal Narcotics Agents (AFFNA), Federal Drug Agents Foundation (FDAF) and similar nonprofit charitable organizations that support law enforcement and their families.  Also, federal employees may not use or permit the use of their official title, position, or any authority associated with their public office to further a fundraising effort.

3. Publication of events sponsored by charitable organizations on electronic and other community bulletin boards is permissible so long as there is no association with DEA in the advertisement.  Listing a DEA government address, email address or phone number as the point of contact constitutes "association with DEA" and is prohibited. Employees circulating information about these events among their friends at the workplace is permissible as long as such interactions do not interfere with or otherwise impede official business.

4. Fundraising rules prohibit DEA employees from soliciting funds from subordinates or entities that do business with DEA, that are DEA registrants, or that otherwise have official dealings with DEA. This prohibition precludes an employee from soliciting funds from those entities even when acting in his/her personal capacity (where there is no use of official title or letterhead).  More appropriately, a non-federal employee who is also a member of the non-profit organization should make the solicitation to prospective donors.

5. Although CFC is the only authorized solicitation of government personnel in the federal workplace on behalf of charitable organizations, the following restrictions and considerations apply:

**DEA SENSITIVE**

SDNY_0107718

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

a. Soliciting donations (monetary or nonmonetary) from private organizations/companies for any CFC-related event or activity is prohibited.

b. Fundraising events for CFC are no longer permissible in the workplace, although employees may hold events to encourage participation in the CFC, such as kick-off rallies or other campaign awareness events.  Events such as raffles, auctions, bake sales, sporting events, "jeans/jersey days," and other such events to raise funds are not permissible.

c. Employees may donate to the CFC based on annual campaign guidance issued by the Office of Personnel Management and the Department of Justice.  Any CFC event and associated prize or gift must be approved in advance by CCE.

d. DEA employees cannot directly solicit contract employees for CFC donations.  Contract employees must not be included in an office email that solicits donations.

6. The following types of solicitation are permissible and may be conducted during duty hours at the workplace:

a. Solicitation of funds for the illness or death of a current or retired employee or their family member, as long as it is a one-time, voluntary donation; it is of a type/value appropriate to the occasion (e.g., announcing in an email that a family is requesting donations to a charity in lieu of flowers is appropriate but employees must not solicit on behalf of a charity in that email); and there is limited personal use of official resources/time so as not to interfere with job performance or incur additional cost to the government.

b. Solicitations in support of office funds for holiday parties/special infrequent occasions (births/marriages) as long as membership in the fund is voluntary; an employee can withdraw at any time; there is careful accounting for the funds; and there is limited personal use of official resources/time so as not to interfere with job performance or incur additional cost to the government.  Contract employees cannot be solicited to support such funds.

c. Solicitation of nonmonetary items, such as toys or clothing, as long as contributions are voluntary and there is limited personal use of official resources/time so as not to interfere with job performance or incur additional cost to the government.  For example, a DEA office, through an agency-wide email message, may solicit coats in support of a coat drive for at-risk children. However, soliciting cash to purchase the coats is not permissible.

7. The restrictions set forth above do not prohibit DEA employees from advertising, or participating in, SBF, AFFNA, or FDAF fundraisers or events sponsored by other nonprofit

**DEA SENSITIVE**

SDNY_0107719

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

organizations, or even raising funds on behalf of these organizations, as long as they do so in their unofficial capacity (i.e., on their own time).

Employees with questions or seeking guidance pertaining to fundraising and other workplace solicitations should contact the Office of Chief Counsel, Ethics and Standards of Conduct Unit, at ████████████.

## 2735.18 Misuse of Official Position

A. Misuse of Office and Coercion.  DEA personnel will not:

> 1. Use his/her official position for private gain.

> 2. Coerce or give the appearance of coercing any person to provide financial benefit to himself/herself or to another person through the use of his or her office.

> 3. Use his/her official position to give preferential treatment to another individual.

> 4. Attempt to bribe or intimidate public officials and/or witnesses.

> 5. Conduct unauthorized or illegal searches of premises, automobiles, or persons or deny or violate the Constitutional rights of others.

> 6. Embezzle, steal, purloin, sell, convey, or dispose of, in an unauthorized manner, any record, voucher, money, substance, or thing of value to the United States.

> 7. Use his/her position to sell, collect for personal use, or otherwise dispose of controlled substances in an unauthorized manner.

> 8. Use his/her position to tamper with or remove any evidence purchased, seized, or otherwise in possession of DEA or one of its employees.

> 9. Solicit or otherwise engage in personal business transactions which involve or give the appearance of involving the use of official time or facilities.

> 10. Glean or garner information not available to the general public and use that information for nonofficial purposes.  This includes conducting a search in a database that an employee has access to due to his/her employment with DEA.

> 11. Obstruct or attempt to obstruct an official investigation, inquiry, or other matter of official interest.

> 12. Contact or in any way attempt to influence the DEA Deciding Officials, the DEA Board of Professional Conduct or any other person or entity who has before

**DEA SENSITIVE**

SDNY_0107720

SDNY_0094474

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

him/her a pending disciplinary matter or attempt to influence the process involving a disciplinary matter through indirect communications or pressure.

13. Distribute or disclose information not available to the general public for nonofficial purposes.

B. Use of Government Property

1. All employees are required to properly use and protect all equipment and supplies issued to or used by them.  DEA personnel are to safeguard property in their possession, control, or work-area.  Government property will only be used for officially approved purposes and will not be used for personal use or benefit, except for such de minimus use which involves negligible or no expense to the Government and does not interfere with or otherwise impede official business.  **This limited authority, i.e., to make de minimus use of government property or materials, does not permit an employee to access administratively controlled information for his/her personal use or to access informational databases**.

2. Government mail privileges may only be used for the following (in addition to the forwarding of official correspondence):

a. The forwarding of a job application to DEA Headquarters (HQ) for a DEA vacancy and/or for DEA's annual application rating process.

b. The submission of an employee grievance in accordance with Section 2771, DEA Grievance Procedures.

c. The forwarding of a response to a proposed adverse action to DEA's Deciding Official (HRO) in accordance with Personnel Manual Section 2752, Discipline, Adverse Actions and Appeals.  However, DEA mailing privileges shall not be used to file appeals to the Merit Systems Protection Board or other adjudicatory body or to correspond with an employee's representative or attorney.

d. Communicating with or forwarding pertinent information to EEO counselors or investigators or filing initial appeals with the Equal Employment Opportunity Commission or the DOJ Complaints Adjudication Office.

3. Use of Government Computer Systems.

a. DOJ Order 2740.1A states that:

i. Use of government computer systems, including but not limited to Internet e-mail, departmental email, word processing systems, and connections to Internet sites, is subject to the same restrictions on use as are other government-furnished resources provided for the use of employees.  See 5 C.F.R. §§ 2635.101(b)(9) and 2635.704.

**DEA SENSITIVE**

SDNY_0107721

SDNY_0094475

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

ii. While government computer systems are provided for official use, some personal use of government computer systems is permitted in accordance with existing policy on personal use of government property, where there is negligible cost to the government and no interference with official business.  See 28 C.F.R. § 45.4.

b. DOJ Order 2740.1A explicitly prohibits the following activities on government computers and computer systems during working or non-working hours:

i. Downloading and/or installing any program, software or executable file on government computers, unless approved with government IT security policy.

ii. Non-official use that could cause congestion, delay, or disruption of service to any government system or equipment.  For example, electronic greeting cards, video, sound or other large file attachments can degrade the performance of the entire network, and should not be viewed or sent on government computers.  Accessing continuous data streams (such as viewing streaming video or listening to streaming audio/radio on a media website) could also degrade the performance of the entire network and is inappropriate when not for official purposes.

iii. Use for commercial purposes or in support of "for-profit" activities or in support of other outside employment or business activity (e.g., consulting for pay, sales or administration of business transactions, sale of goods or services).

iv. Sending out solicitations, participating in any lobbying activity, or engaging in prohibited political activity.

v. Unauthorized use for posting agency information to external newsgroups, bulletin boards or other public forums.  This includes:  any use that could create the perception that the communication was made in one's official capacity as a Federal Government employee without appropriate agency approval, or uses at odds with the agency's mission or positions.

c. DOJ Order 2740.1A also prohibits the following activities on government computers and computer systems during working and non-working hours, except when conducting legitimate departmental business with the express prior permission of the employee's Component Head, Deputy Component Head or Field Office Head:

i. Use of Internet sites that result in an additional charge to the government.

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

ii. Using government office equipment for activities that are illegal, inappropriate, or offensive to fellow employees or to the public.  Such activities include:  hate speech, or material that ridicules others on the basis of race, creed, religion, color, sex, disability, national origin, or sexual orientation.

iii. The creation, download, viewing, storage, copying, or transmission of sexually explicit or sexually oriented materials or other materials related to illegal gambling, illegal weapons, terrorist activities, and any other illegal activity.

iv. Any use to circumvent security controls on government or other external systems.

v. Knowingly using anonymizer sites (anonymizer sites hide the user's identity from the Internet site being visited; however, in doing so, they also bypass the blocking mechanism designed to protect government systems from malicious Internet sites).

vi. Knowingly visiting malicious resources or sites.

vii. Using peer-to-peer (P2P) file sharing sites on the Internet (e.g., sites dedicated to downloading audio or video files), or using IP telephony sites.

viii. Any otherwise prohibited activity.

b. DEA email systems and email addresses may not be used to establish or register non-business accounts with websites including, but not limited to, social media, dating, gambling, e-commerce, news feeds, and blogs.

c. Employees will also safeguard and protect Personally Identifiable Information (PII).  PII is information that can be used to distinguish or trace an individual's identity such as name, address, or phone number, that is linked or linkable to a specific individual.  PII also includes sensitive data, which if lost, compromised, or disclosed without authorization, could result in substantial harm, embarrassment, inconvenience, or unfairness to an individual.  Categories of information considered to be sensitive PII data include, but are not limited to:  Social Security Number (SSN), Alien Registration Number, health information, or financial information.

d. The above guidance on use of government computers systems does not constitute the full spectrum of employee requirements.  Employees are expected to be familiar with, and comply with the DEA Information Technology Rules of Behavior.

**DEA SENSITIVE**

SDNY_0107723

SDNY_0094477

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

4. Use of Government Credit Cards.  Government issued credit cards are for official government business only.  Improper, fraudulent, abusive, or negligent use of government issued credit cards is prohibited.  Additionally, government issued credit cards should be reconciled in a timely manner in accordance with DEA, DOJ, and other applicable policy and procedures.  See Financial and Acquisition Management Policy Manual, and paragraph 2735.19 (C) below.

C. Purchase of Seized Property.  No employee of DEA shall purchase, directly or indirectly, from the Department of Justice or its agents, property forfeited to the United States and no employee shall use property which has been purchased, directly or indirectly, from the Department of Justice or its agents by the employee's spouse, or minor children.  See 5 C.F.R. § 3801.104 for further restrictions.  Further, no employee may disclose to another person any information concerning such property (i.e., appraised value, etc.) which would give that person an advantage over other prospective bidders at auction.

D. Employee Political Activity.  Political activity is "an activity directed toward the success or failure of a political party, candidate for partisan political office, or partisan political group."  For purposes of the Hatch Act (5 U.S.C. §§ 7321-7326), DEA employees are divided into two categories:  "less restricted" and "further restricted."  "Further restricted" employees include all Senior Executive Service (SES) personnel and Administrative Law Judges.  By Departmental policy, political appointees, including the DEA Administrator and Deputy Administrator, are also considered "further restricted" employees.  "Further restricted" employees are subject to all limitations that apply to "less restricted" employees and also have some additional limitations.  Further restricted employees should seek specific guidance from the Office of Chief Counsel, the Ethics and Standards of Conduct Unit, before engaging in any partisan political activity. All other DEA employees are considered "less restricted" employees.  Less restricted DEA employees may generally take an active part in most partisan political activities outside the workplace in their personal capacity.  Less restricted employees with questions on political activity may also contact the Ethics and Standards of Conduct Unit.

1. Less restricted DEA personnel can:

a. Run as an independent candidate in a nonpartisan election as long as all other candidates are running as independent candidates.

b. Register and vote as they choose.

c. Assist in voter registration drives.

d. Express opinions about candidates and issues.

e. Contribute money to political campaigns.

f. Attend, and speak at, political fund-raising functions.

g. Attend and be active at political rallies and meetings.

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

SDNY_0107724

SDNY_0094478

**DEA SENSITIVE**
This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

h. Join and be an active member of a political party or club.

i. Sign nominating petitions.

j. Campaign for or against referendums, constitutional amendment and ordinances.

k. Campaign for or against candidates in partisan elections.

l. Distribute campaign literature in partisan elections (but not on duty).

m. Hold office in political clubs or parties.

2. DEA personnel cannot:

a. Run as a candidate in a partisan election.

b. Use their official authority to influence or interfere with an election.

c. Collect political contributions unless both individuals are members of the same union (if one exists) or employee organization and the one solicited is not subordinate of the other.

d. Knowingly solicit or discourage the political activity of any person who has business before the agency.

e. Engage in political activity while on duty.

f. Engage in political activity while in uniform.

g. Engage in political activity while in an official vehicle or in the federal workplace.  This prohibition includes sending or forwarding political emails, blogging, tweeting, posting on social media from a non-government account or using a personal device in the workplace.

h. Solicit political donations from the general public.  This prohibition includes sending a link that directs someone to the donation/contribution page of a political party, partisan candidate, or partisan political group's website and "Liking," "Sharing" or "Retweeting" a post that seeks political contributions.

i. Wear political buttons or display other campaign items in the federal workplace.

j. Sponsor a political fundraiser.

k. Allow official title to be used in fundraising or other political activities.

**DEA SENSITIVE**

DEA SENSITIVE - DO NOT DISCLOSE

SDNY_0107725

SDNY_0094479

**DEA SENSITIVE**

This manual is the property of the Drug Enforcement Administration (DEA). Neither it nor its content may be disseminated outside of the DEA (or, if loaned outside of DEA, further disseminated) without the express written permission of the Office of Chief Counsel.

l. Solicit political contributions in a speech given at a political fundraiser.

m. Solicit, accept or receive uncompensated volunteer services from a subordinate.

n. Use the Internet or other government property to engage in any political activity.

**2735.19 Use of Official Government Vehicles**

